Mathews, J.
. ii •• n delivered the opinion or the . . . . , . , , . . court. 1 his is an action m which the plaintiff claims from the defendánt, indemnification to the amount of the value or price of a certain quantity of coffee, which was received by him. to sell as factor or agent, for the former.
*637 East’n District.

June, 1822.

The grounds of liability alleged in the pe- ° J n r tition are, that the factor had no instructions at ail to sell on credit, but that if he had, he sold to one J. Bostwick, who was then in very bad credit, and shortly after failed ; and that he, the said factor, after having obtained an order for sequestering the coffee, afterwards suffered the same to remain in the hands of the said Bostwick. The answer of the defendant is a general denial of all the allegations in the plaintiff’s petition. The cause was submitted to a special jury in the court below, who found a verdict for the defendant, from which it is to be inferred that they negatived all the material facts alleged in the petition. Judgment was rendered on the verdict, and the plaintiff appealed.
He seems to have been so far satisfied with the finding of the jury, in relation to the facts of the cause, as not to have moved in the court a quo for a new trial. It is true that this court, in cases of general verdicts, has the power to correct errors both of law and fact. But according to the current of its decisions, and more particularly in latter cases, much reluctance has been shewn, and properly shewn, to *638 interfere with the appropriate duty of juries in the administration of justice, viz : the solution of questions of fact.
jt perhaps, notwithstanding this just reverence for the verdict of a jury, in relation to matters of fact, be our duty, according to the present organization of our judicial system, to interfere whenever it should be made appear that a total disregard to truth, as established by legal evidence, has occurred in the conduct of these judges of facts. From an attentive examination of the evidence in the case now under consideration, we are of opinion that the jury have not erred in their verdict as to the facts. In other words, that they may have come to the conclusions therein expressed, on a fair examination of the testimony.
The liability of the factor for having sold the property of his constituent on credit, instead of requiring prompt payment, depends much on the prevailing custom of this class of merchants in the place where the sale was effected. The special jury, to whom the cause was submitted, was composed principally of commission merchants ; men, who must, from their occupation, be most capable of settling the usage which prevails in such cases. Their *639 verdict establishes the fact, that the defendant did not deviate from the usual course pursued in this species of business.
Livingston for the plaintiff, Mazareau, for the defendant.
It is true, that in the English courts of justice, former decisions are opposed to the right of factors to sell on credit. But at the present day, it is almost the universal usage for them thus to sell. See Livermore on Agency, 125.
We are therefore of opinion, that the judgment of the district court should be affirmed with costs, which is accordingly ordered.